TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000114-KB

FINAL

DATE 4/30/9 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                        MOVANT


V.                                    IN SUPREME COURT


ANDREW NICHOLAS CLOONEY                                  RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association (KBA) petitions this Court to indefinitely suspend Andrew Nicholas Clooney from the practice of law pursuant to Supreme Court Rule (SCR) 3.380(2) for violating SCR 3.200 by failing to answer a KBA charge.[1] The charge was initiated because of Clooney's failure to answer a Bar Complaint filed by a former client. After review of the record, we hereby indefinitely suspend Clooney pursuant to SCR 3.380(2).

## BACKGROUND

In November 2015, Liulam Socarras, who only speaks Spanish, hired Clooney to represent him in an automobile accident case. Following a meeting with Clooney in July 2016, Socarras was unable to contact Clooney. He requested his file from Clooney in February 2017, but Clooney did not respond

---

[1] Clooney's KBA number is 84327 and his bar roster address is 2501 Preston Highway, Suite 101, Louisville, Kentucky 40217.

and never returned the file. Socarras filed a Bar Complaint, which was sent via certified mail to Clooney's bar roster address. Someone in Clooney's office signed for the complaint, and no response was filed. Service was attempted by sheriff but was unsuccessful.

On June 27, 2017, Clooney contacted the Office of Bar Counsel (OBC) and requested an extension to file his response. The OBC agreed to allow Clooney until July 18, 2017, to respond. When no response was filed, a letter was sent to Clooney advising him that he was in default and needed to file his response within ten days, but Clooney never responded. Since the Bar Complaint had not been personally served on Clooney, service was completed by the Executive Director on January 10, 2018. The KBA issued the charge underlying this petition on June 11, 2018.

Clooney was served with the charge in this matter by sheriff on November 8, 2018, and did not file a response before the deadline. An attorney purporting to represent Clooney contacted the OBC, indicating he would be responding on Clooney's behalf, but no entry of appearance was made, and no response was filed.

This is not the first time Clooney has been disciplined for his misconduct as a practicing attorney. Simultaneous to the rendition of this opinion, Clooney is being temporarily suspended from the practice of law pursuant to SCR 3.165 (2018-SC-000595-KB) for conduct substantially similar to the present case. An order to show cause was issued on February 14, 2019,

directing Clooney to respond, however, no response has been filed. Clooney has not participated in that disciplinary proceeding.[2]

Despite the communication between Clooney or his attorney and the KBA, Clooney has failed to respond to the charge in the present case, warranting indefinite suspension under SCR 3.380(2).

For the foregoing reasons, it is hereby ORDERED:

1. Pursuant to SCR 3.380(2), Andrew Nicholas Clooney is hereby indefinitely suspended from the practice of law in the Commonwealth of Kentucky;

2. As required by SCR 3.390, Clooney must, if he has not already done so, within ten (10) days after issuance of this order of indefinite suspension from the practice of law notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Clooney must simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Clooney must immediately cancel any pending advertisements, to the extent possible, and must terminate any advertising activity for the duration of the term of suspension;

---

[2] Clooney also received a private admonition in March 2009 for a misrepresentation regarding Continuing Legal Education. In June 2018 he was again privately admonished regarding three Bar Complaints to which he did not respond. He was administratively suspended for failure to pay his 2009-2010 dues but restored to membership on June 17, 2010.

3

3. Clooney is instructed to promptly take all reasonable steps to protect the interests of his clients. He must not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130-7.50(5);

4. In accordance with SCR 3.450, Clooney is directed to pay all costs associated with these disciplinary proceedings against him, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 18, 2019.

CHIEF JUSTICE

4